UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | No. 16-cr-55-1 (RJS) |
| | ORDER |
| GJETO PRELAJ, | |
| Defendant. | |

RICHARD J. SULLIVAN, Circuit Judge:

Petitioner Gjeto Prelaj seeks compassionate release under the First Step Act, Pub. L. No.

115-391, 132 Stat. 5194 (2018), and the CARES Act, Pub. L. No. 116-136 (2020), in light of the

COVID-19 pandemic and his desire to help with his family's business.  (Doc. No. 287.)  Because

Prelaj has not yet exhausted his administrative remedies, his request is DENIED without prejudice.

Though Prelaj, proceeding pro se, does not mention specific provisions of the First Step

Act or the CARES Act in his letter (*see id.* (citing to "the First Step Act's compassionate release

program" and "the recently passed CARES Act")), the Court construes his motion for

compassionate release to be pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the basis that

"extraordinary and compelling reasons" warrant a reduction in his sentence.  Under 18 U.S.C.

§ 3582(c)(1)(A), the Court may "reduce" a defendant's sentence where "extraordinary and

compelling reasons warrant such a reduction," and such relief would be consistent with both the

factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing

Commission."  Without a motion from the Bureau of Prisons ("BOP"), however, the Court "may

not" grant compassionate release unless the defendant either (1) "fully exhausted all administrative

rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or (2) waited "30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

*Id.*

Prelaj does not state whether he has "fully exhausted all administrative rights" as § 3582(c)(1)(A) requires.  In fact, his letter makes no mention of any requests to the BOP. Accordingly, his motion is denied without prejudice to renewal in the event that he exhausts administrative remedies as § 3582(c)(1)(A) requires.

Although the Court is not at this time empowered to reduce Prelaj's sentence under § 3582(c), there exist two potential remedies that can offer him the type of relief that he is seeking. The first is a furlough under 18 U.S.C. § 3622.  As at least one other court has acknowledged, section 3622 "would provide a means to release [Prelaj] until the threat posed by COVID-19 subsides and [he] [could] be safely returned to prison to finish [his] sentence."  *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020).  The second is home confinement as contemplated in the recently enacted CARES Act and the Attorney General's April 3, 2020 memorandum to the BOP.  Under § 12003(b)(2) of the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2).  The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of COVID-19.  *See* Memorandum from Att'y Gen. William Barr to Dir. of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.   Significantly, both of these remedies are exclusively within the discretion of the BOP; the Court lacks authority to order either one.

For the foregoing reasons, IT IS HEREBY ORDERED THAT Prelaj's motion for compassionate release is DENIED without prejudice to renewal in the event that he has exhausted

the requisite administrative remedies.  The Clerk of Court is respectfully directed to terminate the

motion pending at document number 287.

SO ORDERED.

Dated:        May 7, 2020
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation