UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

GJETO PRELAJ,

Defendant.

No. 16-cr-55-1 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is a renewed *pro se* request by Defendant Gjeto Prelaj for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 289 at 2–10.) Prelaj previously sought such relief in late April (Doc. No. 287), which the Court denied without prejudice to renewal because he had failed to exhaust his administrative remedies (Doc. No. 288). Since then, Prelaj has satisfied that procedural hurdle, and the Court may now consider his motion on the merits. Nonetheless, Prelaj has failed to demonstrate that he has any medical conditions that put him at a higher risk of serious health consequences should he contract COVID-19, and the reasons supporting his sentence weigh strongly against compassionate release at this time. Accordingly, Prelaj's motion is DENIED.

On January 26, 2016, Prelaj was charged in a superseding indictment with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) ("Count One"); producing, using, and trafficking in counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1) and § 2; possessing fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) and § 2; possessing and selling a skimming device in Queens, New York, in violation of 18 U.S.C. § 1029(a)(4) and § 2; possessing and installing skimming devices on ATMs in or around Las Vegas, Nevada, in violation of 18 U.S.C. § 1029(a)(4) and § 2; effecting transactions

with one or more access devices issued to another person to receive payment and other things of value during a one-year period with an aggregate value greater than $1000, in violation of 18 U.S.C. § 1029(a)(5) and § 2; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), § 1028A(b), and § 2 ("Count Seven"). (Doc. No. 4.) The charges arose from his leading a conspiracy to use, sell, and distribute skimming devices and counterfeit access devices. (Doc. No. 290 ("Gov't Opp'n") at 2.) On September 21, 2016, Prelaj pleaded guilty to Counts One and Seven pursuant to a plea agreement with the government. (*Id.*)

At sentencing on May 25, 2017, the Court determined that the guidelines sentencing range for Count One was 37 to 46 months' imprisonment, which was based in part on a loss amount of $150,000 to $250,000 and the Court's finding that Prelaj was a leader and organizer of criminal activity involving five or more participants, U.S.S.G. § 3B1.1(a); the Court also concluded that Count Seven carried a mandatory sentence of 24 months' imprisonment, to be served consecutive to any other undischarged term of imprisonment. (Doc. No. 242 at 25.) The Court sentenced Prelaj below the advisory guidelines range for Count One to 30 months' imprisonment, to be followed by the mandatory consecutive term of 24 months on Count Seven, for a total sentence of incarceration of 54 months. (*Id.* at 47–54.) In doing so, the Court recognized Prelaj's family and community ties, his remorse, and the circumstances of his youth in Albania. (*Id.* at 49–51.) Nevertheless, the Court emphasized the serious nature of Prelaj's offense (*id.* at 48), the "ultimate disrespect for the law" that Prelaj's crime demonstrated (*id.* at 49), and the audacity and potential harm of Prelaj's criminal scheme, which contemplated the theft of hundreds of thousands of dollars from untold numbers of cardholder victims (*id.*). The Court therefore concluded that, given the nature of the offense, Prelaj's history and characteristics, and the need for deterrence, both general

and specific, a sentence of 54 months was appropriate. (*Id.* at 47–54.) Prelaj is currently serving his sentence and is expected to be released on June 19, 2021. (Gov't Opp'n at 2.)

On April 28, 2020, Prelaj, *pro se*, moved for compassionate release because of the current COVID-19 pandemic and his desire to help with his family's business. (Doc. No. 287.) On May 7, 2020, the Court denied Prelaj's motion without prejudice, finding that Prelaj had failed to exhaust his administrative remedies. (Doc. No. 288.)

In two *pro se* letters dated May 21, 2020 and May 22, 2020 but received in chambers on June 18, 2020, Prelaj filed a renewed motion for compassionate release, stating that he has remedied that procedural defect. (Doc. No. 289 at 2–10.) He also contends that extraordinary and compelling reasons warrant his release, arguing that his supposed medical conditions – diabetes, high cholesterol, and obesity – put him at a high risk for serious complications if he were to contract COVID-19. (*Id.* at 7.) He further argues that compassionate release is warranted because he has served 75% of his sentence, will face additional time in custody due to his immigration status, and is needed to help his family in their restaurant business. (*Id.* at 9.) The government opposes Prelaj's motion, contending that he has not established extraordinary and compelling reasons for his release and that the 18 U.S.C. § 3553(a) factors weigh against his release. (Gov't Opp'n.)

The Court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks omitted). Section 3582(c)(1)(A) provides one such exception, often referred to as "compassionate release." Through that provision, the Court may "reduce" a defendant's sentence where "extraordinary and compelling reasons warrant such

3

a reduction," and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Here, Prelaj maintains that the COVID-19 pandemic, together with his heightened risk from his medical conditions, merits compassionate release. The Court disagrees.

First, Prelaj's claims that he suffers from diabetes, high cholesterol, and obesity are not supported by his Bureau of Prisons ("BOP") medical records. On December 5, 2019, Prelaj had a preventative health care screening that determined that he did not have diabetes or an existing cardiovascular disease (Gov't Opp'n Ex. B. at 3), and indeed, neither diabetes, high cholesterol, nor obesity are listed among his current health problems as of June 19, 2020 (*see id.* at 36). Furthermore, in health screenings on October 21, 2019 and October 29, 2019, Prelaj denied having any diabetes or cardiovascular issues. (*Id.* at 12–15, 18–29, 42–44.) Although Prelaj has been diagnosed as being overweight with a body mass index ("BMI") of 29.2 as of December 5, 2019 (*id.* at 3–4), he is not severely obese with a BMI of 40 or above, which the Centers for Disease Control and Prevention has recognized as a risk factor that puts an individual at a higher risk for complications from COVID-19 (Gov't Opp'n at 6). Therefore, Prelaj has failed to establish that he suffers from any medical condition that increases his risk of experiencing serious health consequences should he contract COVID-19. *See United States v. Broadus*, No. 17-cr-787 (RJS), 2020 WL 3001040, at *2 (S.D.N.Y. June 4, 2020) (finding that defendant with BMI of 29.7 failed to establish extraordinary and compelling reasons warranting compassionate release).

Essentially, what Prelaj asks the Court to do then, is to find that extraordinary and compelling reasons warranting compassionate release exist merely because he "is overweight, in prison, and that there is a COVID-19 outbreak nationwide." *Id.* (internal quotation marks and brackets omitted). But those reasons are "not sufficiently 'extraordinary and compelling' to justify

4

early release." *Id.* Furthermore, the facility in which Prelaj is housed – FCI Allenwood in Allenwood, Pennsylvania – has not had any inmates or staff test positive for COVID-19 to date. (Gov't Opp'n at 6.) By granting Prelaj's motion for compassionate release, the Court would likely be *increasing* his chances of contracting COVID-19, since release from his federal sentence would likely result in Prelaj's transfer to a different, and presumably less healthy, immigration facility due to his immigration detainer.[1]

Second, even if Prelaj could make this threshold showing, his motion would still fail. Before the Court may grant compassionate release, it must assess the § 3553(a) factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020); *see also United States v. Walter*, No. 18-cr-834 (PAE), 2020 WL 1892063, at *2–3 (S.D.N.Y. Apr. 16, 2020) (denying compassionate release despite the presence of "extraordinary and compelling reasons" because, among other things, the § 3553(a) factors did not favor early release); *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *2–3 (S.D.N.Y. Apr. 7, 2020) (same).

In this case, the § 3553(a) factors, on balance, strongly disfavor compassionate release. In particular, (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide

---

[1] Prelaj's other arguments for compassionate release – that he has served 75% of his sentence, is remorseful, and rehabilitated; that he will face additional time in custody due to an immigration detainer; and that he is allegedly needed to help his family with their restaurant – do not qualify as extraordinary and compelling reasons. *See United States v. Stevens*, No. 04-cr-222S (WMS), 2020 WL 2393306, at *5–7 (W.D.N.Y. May 12, 2020) (finding that extraordinary and compelling reasons warranting compassionate release did not exist despite defendant being subject to an immigration detainer); *United States v. Lisi*, No. 15-cr-457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020) (finding that "rehabilitation of the defendant" did not constitute "an extraordinary and compelling reason for compassionate release" (internal quotation marks omitted)); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (explaining when extraordinary and compelling reasons exist due to family circumstances, but not including assisting with a family business).

just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," all outweigh the facts that might otherwise support Prelaj's release. *See* 18 U.S.C. § 3553(a).

The Court's reasons for imposing a sentence of 54 months' imprisonment on Prelaj are just as applicable today as they were in 2017. (*See* Doc. No. 242 at 47–54.) Releasing Prelaj now would disserve those important interests. *See Walter*, 2020 WL 1892063, at *3; *Butler*, 2020 WL 1689778, at *3. Reducing his sentence by about 25% and converting it to time served would undermine its deterrent effect. Thus, while the Court is sympathetic to Prelaj's concerns for his health and his desire to return to his family, the relief he seeks is an inappropriate remedy in these circumstances. *See Ebbers*, 432 F. Supp. 3d at 431 (acknowledging that compassionate release should not "undermine the goals of the original sentence").

Of course, as the Court noted in its previous order (Doc. No. 288 at 2), Prelaj may still pursue relief in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the BOP. The decision to grant that relief, however, is exclusively reserved to the discretion of the BOP.

For the reasons set forth above, Prelaj's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Prelaj.

SO ORDERED.

Dated:   July 3, 2020
         New York, New York

                                         _____
                                         RICHARD J. SULLIVAN
                                         UNITED STATES CIRCUIT JUDGE
                                         Sitting by Designation